**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 22, 2016[*]
Decided September 22, 2016

**Before**

MICHAEL S. KANNE, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 16-2245

| | |
|---|---|
| KURT DOUGLAS STOVALL, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Northern District of Illinois, Western Division. |
| *v.* | |
| | No. 15 C 50223 |
| DANIEL GROHEN, et al., | |
| *Defendants-Appellees.* | Philip G. Reinhard, *Judge.* |

**O R D E R**

Kurt Stovall sued three employees of the Illinois Department of Human Services Division of Rehabilitation Services, alleging that they discriminated against him based on his age, race, and disability and otherwise retaliated against him when they denied payment for his previously approved paralegal courses and bus transportation. Stovall also asked the district court to recruit counsel. After allowing Stovall to amend his

---

[*] The defendants were not served with process in the district court and are not participating in this appeal. We have unanimously agreed to decide the case without oral argument because the issues have been authoritatively decided. FED. R. APP. P. 34(a)(2)(B).

complaint three times, the district court screened the complaint, *see* 28 U.S.C. § 1915(e)(2), and dismissed it for failure to state a claim. The court concluded that Stovall's allegations did not support a claim of discrimination or raise a plausible claim that the department retaliated against him for any protected speech. The court also denied Stovall's motion to recruit counsel because the facts that he alleged "do not amount to a cognizable claim for relief" and "representation by counsel would be of no assistance."

Stovall appeals the dismissal, but his brief does not address the district court's basis for dismissing his case. Instead his brief contains an undeveloped argument that his disability—a traumatic brain injury—required the court to recruit counsel for him. But even pro se litigants must comply with Federal Rule of Appellate Procedure 28(a)(8), which requires that an appellate brief contain a cogent argument and reasoning to support it. *See Anderson v. Hardman*, 241 F.3d 544, 545–46 (7th Cir. 2001). In any event, Stovall has not suggested how he has been prejudiced by the court's decision not to recruit counsel. *See Tidwell v. Hicks*, 791 F.3d 704, 709 (7th Cir. 2015); *Pruitt v. Mote*, 503 F.3d 647, 659 (7th Cir. 2007) (en banc). Stovall does not challenge the district court's conclusion that he failed to state a cognizable claim, and without such a claim counsel would have made no difference in the outcome of his suit.

AFFIRMED.